IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DOMINIQUE TABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-215-D |
| | ) | |
| ELSA CARRION, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 36] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones recommends that Defendant's Motion to Dismiss [Doc. No. 23] be construed as a motion for summary judgment and granted. Although Plaintiff's Objection [Doc. No. 37] was not filed within the deadline set by Judge Jones, the Court elects to consider it. Thus, the Court must make a de novo determination of the portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing pro se, brings suit under 42 U.S.C. § 1983 to recover damages allegedly caused by unconstitutional conditions of confinement at the Oklahoma County Detention Center ("OCDC"), where he was detained from October 2014 to October 2015. Defendant Elsa Carrion was the law library supervisor at OCDC during this time period. Plaintiff claims his constitutional right of access to the courts

was violated by OCDC's deficient law library or legal assistance program, and Defendant's refusal to assist him with a civil case in the United States District Court for the Eastern District of Oklahoma. Specifically, Plaintiff alleges Defendant intentionally interfered with his pursuit of a civil rights case that he had filed in the Eastern District in December 2011, and caused him to lose the right to appeal a dismissal of that case in January 2015. Plaintiff claims he was denied meaningful access to the courts guaranteed by *Bounds v. Smith*, 430 U.S. 817 (1977).

Following service of process and the filing of a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), Defendant moved to dismiss the action on numerous grounds, including failure to satisfy the administrative exhaustion requirement of 42 U.S.C. § 1997e, failure to state a plausible § 1983 claim, and qualified immunity. After Plaintiff responded and Defendant filed a supplemental report as directed, Judge Jones issued the 27-page Report and Recommendation, which contains a careful review and analysis of the issues. Judge Jones properly notes that consideration of materials outside the Amended Complaint requires that Defendant's Motion be treated as one for summary judgment under Fed. R. Civ. P. 56. Applying the Rule 56 standard of decision, Judge Jones first finds that Defendant has not met her burden to show "Plaintiff failed to satisfy § 1997e(a)'s exhaustion requirement." *See* R&R, p.8. Defendant has not filed a written objection and, therefore, has waived further review of this finding.[1]

---

[1] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of a party's failure to address a specific issue is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Turning to the merits of Plaintiff's claim, Judge Jones sets forth undisputed facts established by judicial notice of public records, Plaintiff's verified factual allegations, and the court-ordered Special Report. *Id*. pp.9-18. Viewing those facts in the light most favorable to Plaintiff, Judge Jones finds for reasons ably explained in the R&R that Plaintiff has not established a violation of his constitutional right of access to the courts. *Id*. pp.18-24.

Although Plaintiff has objected to the R&R, he makes no specific objection to most of Judge Jones' analysis. Plaintiff does not dispute, for example, the statement of undisputed facts regarding the merits of his § 1983 claim. Plaintiff also does not disagree with Judge Jones' conclusion that Plaintiff has not shown Defendant's alleged interference directly caused the dismissal of his Eastern District case.[2] Instead, Plaintiff focuses on Defendant's alleged interference with his right to appeal the dismissal. The Court finds that Plaintiff has waived further review of all other issues. *See supra* note 1.

In his objection, Plaintiff disputes Judge Jones' finding that the facts do not establish a constitutional violation based on Defendant's alleged interference with Plaintiff's right to file a civil appeal. Plaintiff argues, without factual support in the record, that he requested information about how to take an appeal and where to file it. *See* Pl.'s Obj. [Doc. No. 37], pp.1-2. The undisputed facts show that Plaintiff did not express to Defendant an intent to appeal a dismissal of the Eastern District case. Instead,

---

[2] While the 2011 case was pending, Plaintiff was released from prison and ceased contact with the court and opposing counsel, causing him not to receive notice of dispositive motions and a show-cause order issued by the district judge, and resulting in the dismissal of the case months before Plaintiff asked Defendant for any assistance with it.

Plaintiff first mentioned the Eastern District case in May 2015, and informed Defendant in June 2015 that the court clerk had stated the case was closed but not dismissed; Plaintiff said he wanted to get the case reopened but did not know how. See R&R, p.15. It is also undisputed, however, that Defendant did not provide any forms or legal materials to Plaintiff for reopening his case, and denied a subsequent request for a civil procedure manual or handbook.

Plaintiff argues in his Objection that Defendant's conduct constitutes interference because he was entitled to "assistance in the preparation and filing of meaningful legal papers;" he was "not required to provide the exact name of some legal form or case citation or statute in order to receive legal assistance." *See* Pl.'s Obj. [Doc. No. 37], p.2 (ECF page numbering). Plaintiff also contends he was entitled to access to a law library to conduct his own research if Defendant could not (or would not) provide legal research assistance. *Id*. p.3

Upon *de novo* consideration of the issues under the undisputed facts shown by the case record, the Court finds that Plaintiff has failed to establish a constitutional claim based on Defendant's interference with an appeal. As correctly stated by Judge Jones, Plaintiff must demonstrate that Defendant's alleged interference was intentional and that it was causally connected to the alleged injury to Plaintiff. *See Simkins v. Bruce*, 406 F.3d 1239, 1242, 1244 (10th Cir. 2005); *see also Clark v. Oakley*, 560 F. App'x 804, 807 (10th Cir. 2014) (unpublished).[3] In this case, Plaintiff did not advise Defendant that he wanted to appeal a dismissal of the Eastern District case, nor did Defendant's conduct

---

[3] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

cause Plaintiff to lose a right to appeal. It was Plaintiff's own failure to maintain contact with the district court in the Eastern District that caused the dismissal of his case and the expiration of the time period for filing an appeal. *See supra* note 2. Even viewed as a lost opportunity for Plaintiff to file a motion for relief from the dismissal pursuant to Fed. R. Civ. P. 60(b), the undisputed facts do not provide a basis for such relief, as explained by Judge Jones. *See* R&R, pp.23-24 & nn.15-16.

For these reasons, the Court fully concurs in Judge Jones' finding that Plaintiff has failed to demonstrate a right to relief under § 1983 on the claim asserted and, therefore, concurs in Judge Jones' conclusion that Defendant is entitled to summary judgment in this action.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 36] is ADOPTED, as set forth herein. Defendant's Motion to Dismiss [Doc. No. 23], construed as a motion for summary judgment, is GRANTED. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 3rd day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE